IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ATLAS RESOURCES, INC.,
a New Mexico Corporation,

    Plaintiff,

v.                                                                                                        Civ. No. 09-1113 WJ/RLP

LIBERTY MUTUAL INSURANCE
CO., a Massachusetts Corporation,

    Defendant,

and

FIRST COMMUNITY BANK OF
NEW MEXICO, a New Mexico Corporation,

    Interested Party.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Second Motion to Compel. After a short discussion of the applicable law, the Court will address the disputed discovery requests and the responses thereto and make its ruling.[1]

First, boilerplate, blanket objections are improper. *Oleson v. K-Mart Corp.*, 175 F.R.D. 570, 571 (D. Kan. 1997). A party may not "reserve the right" to supplement its responses: every party has the *obligation* to supplement responses that were incomplete or inaccurate. Fed.R.Civ.P. 26(e)(2). If a proper objection is made, the party still has the

---

[1] The Court would find it helpful if, in the future, the parties placed their briefs at the beginning, not the end, of these lengthy submissions. The Court would also find it helpful if the parties only submitted necessary attachments; the Court does not need copies of the discovery requests, then a copy of the discovery requests with the objections, and then the retyping of all of this information in the brief. All the Court needs is the requests with the objections and then a referral to the applicable discovery at issue.

obligation to answer as much of the interrogatory as it can.  A "proper" objection is one that is tailored to the interrogatory, not a conclusory objection such as "overbroad" or "unduly burdensome," which neglects to say *why* the interrogatory is subject to that objection.  *Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667 (D. Kan. 2005); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677 (D. Kan. 2004).  Making an objection and then responding to the interrogatory waives the objection.  8A C. A. Wright, A. R. Miller & R. L. Marcus, Federal Practice & Procedure § 2173 (2d ed. 1994).

Generally referring to documents where the information may be obtained is improper; the responding party must identify such documents precisely (such as by Bates numbers) or produce them in lieu of a response.  *Starlight Internat'l, Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999).

Assertions of privilege or immunity must be accompanied by a privilege log.  *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (1984) (the party interposing an objection has the burden of establishing its claim of privilege or protection; a bald-faced assertion is insufficient).

Conclusory assertions of the confidential or proprietary nature of the information sought will not shield it from discovery.  *Cory*, *supra*; *DIRECTV, Inc.*, *supra*.

> When a party is served with a request for production that would require it to produce trade secret or proprietary information, the party may file a motion for protective order under Federal Rule of Civil Procedure 26(c)(7).  To resist discovery runder Rule 26(c)(7), the party has the burden to establish that the information sought is in fact a trade secret and must then demonstrate that its disclosure would be harmful.

*DIRECTV, INC.*, 224 F.R.D. at 690.

Having established the applicable law, the Court will now address the discovery responses.

<u>Interrogatory Nos. 1, 3, and 9</u>.  Liberty objected to and then answered the Interrogatories.  All objections are therefore waived.  If Liberty withheld any information because it thought they had asserted a valid objection,[2] it shall produce the information requested within ten (10) days of entry of this Order.  If there is no additional information, then Liberty shall submit a verification, under oath, that no additional information is available and that the interrogatory was answered fully.

<u>Interrogatory No. 5</u>.  Liberty was asked to provide the calculation showing how Liberty estimated its unpaid obligations.  Liberty objected on the grounds of confidentiality and asserted that the information sought was proprietary.  Liberty also claimed that the interrogatory was "an unreasonable and unwarranted invasion into [its] financial and business records" and claimed that the information sought was not relevant.

It appears to the Court that the information sought goes to the heart of Atlas' case.  Liberty has not moved for a protective order.  All documents shall be produced subject to a Confidentiality Agreement which is to be submitted to the Court within ten (10) days of entry of this Order.

<u>Requests for Production 1, 2, 3 and 5</u>.  Liberty objected to and then responded that the information sought would be produced subject to a confidentiality agreement.  Liberty has not moved for a protective order.  All documents shall be produced subject to a Confidentiality Agreement which is to be submitted to the Court within ten (10) days of entry of this Order.

---

[2] For example, Liberty asserts that it has made a "reasonable interpretation" of the interrogatory; this qualifying language makes it unclear whether the interrogatory has been answered fully.

<u>Request for Production 6</u>.  Liberty claims that the documents are not reasonably described, but then asserts that documents sought are confidential and proprietary in nature.  Atlas is directed to revise the RFP and resubmit to Liberty.  Liberty has not moved for a protective order.  If there is no objection, the documents shall be produced subject to the aforementioned Confidentiality Agreement.

<u>Requests for Production 7-17</u>.  Liberty objected and then referred Atlas to the documents by their Bates stamped numbers or stated that the documents were not in Liberty's possession, custody, or control.  These are proper responses and the responses are accompanied by a Verification form.  Again, if Liberty withheld any information believing it had stated a valid objection, which the Court finds were waived, it shall produce the information requested within ten (10) days of entry of this Order.  If there is no additional information, then Liberty shall submit a verification, under oath, that no additional information is available and that the interrogatory was answered fully.

<u>Requests for Production 21 & 24</u>.  To the extent RFP 21 is duplicative of RFP 2, as Liberty argues, no additional documents need be produced.  Liberty states it will make documents available for inspection and copying, but confidential and proprietary information will be withheld.  Liberty has not moved for a protective order.  All documents shall be produced subject to a Confidentiality Agreement which is to be submitted to the Court within ten (10) days of entry of this Order.

The request for attorney's fees is denied.

IT IS THEREFORE ORDERED that Atlas Resources, Inc.'s Second Motion to Compel [Doc. 59] is granted in part and denied in part as stated herein.

IT IS SO ORDERED.

_____
Richard L. Puglisi
Chief United States Magistrate Judge