# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ATLAS RESOURCES, INC.**,
a New Mexico Corporation,

    Plaintiff,

v.                                                               **No. 09-CV-1113 WJ/RLP**

**LIBERTY MUTUAL INSURANCE CO.**,
a Massachusetts Corporation,

    Defendant,

and

**FIRST COMMUNITY BANK OF NEW MEXICO**, a New Mexico Corporation,

    Interested Party.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Liberty Mutual Insurance Company's *Motion for Clarification of the Court's June 24, 2010 Order, Motion for Protective Order*, filed July 6, 2010 [Doc. 94][1]. The June 24, 2010 Memorandum Opinion and Order denied Defendant's Motion for Protective Order as moot without specifically addressing Defendant's request for protection from depositions of Defendant's staff attorneys who handle worker's compensation claims on behalf of plaintiff Atlas Resources, Inc. Defendant had requested an order staying all discovery pending resolution of its motion to dismiss, and in the alternative, if the Court did not

---

[1] Defendant has violated Administrative Order 92-88 by combining two motions in one document. Order 92-88 requires parties to "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought" except for motions in the alternative. By combining a motion for clarification that should be ruled on by the district judge who issued the order with a discovery motion that is normally ruled on by the magistrate judge assigned to address discovery issues, Defendant has unduly interfered with Court's disposition of its docket. Defendant is cautioned that, in the future, the Court will strike non-conforming motions.

enter such an order pending resolution of the motion, it requested

> the entry of a Protective Order (1) prohibiting the 30(b)(6) staff attorney depositions in their entirety; . . . and (3) requiring Atlas to withdraw such notice and schedule the deposition to occur at a date mutually convenient for the parties and witness(es).

Doc. 80 at 3. The major basis of Defendant's motion was that discovery should be stayed because all claims against it should be dismissed except for breach-of-contract claims limited to only sixteen examples of alleged mishandling. According to Defendant, Atlas seeks information regarding the "hiring, compensation, evaluation, and promotion practices of attorneys, and regarding whether Liberty's staff attorneys carry malpractice insurance," and Defendant continues to assert that the depositions are "not reasonably calculated to lead to the discovery of admissible evidence on any of the claims pleaded by Atlas." Doc. 94 at 2. Defendant's assertion is frivolous, and its frivolity is apparent by the rulings and comments the Court made in its June 24, 2010 Memorandum Opinion and Order.

As noted in that Memorandum Opinion and Order, Count VI of Atlas's Complaint stated a claim "for Breach of Contract in regard to the investigation, handling, and payment of certain workers' compensation claims on Atlas's behalf and for failure to properly set and establish amounts of obligations and reserves for which Atlas was obligated." Doc. 87 at 4. Atlas claims that Defendant's staff attorneys failed to "properly investigate, administer and make appropriate payments and manage worker's compensation claims to control claim costs;" overstated and, therefore, overpaid claims costs; and "lowered the level of service it provided to Atlas in the handling of claims, [and] reduced claim reviews it would provide Atlas." *Id.* The Court also found that Atlas stated claims for "misrepresentation, unfair trade practices, unjust enrichment, . . . common-law insurance bad faith, prima facie tort, and punitive damages," and that punitive damages could be awarded if Defendant's conduct, performed at least in part by its staff attorneys "was in

reckless disregard for the interests of the [insured], or was based on a dishonest judgment, or was otherwise malicious, willful, or wanton." *Id.* at $6^2$. Clearly, inquiry into the areas in which Atlas seeks discovery regarding the staff attorneys who handle claims on Atlas's behalf, including their competence, hiring, training, evaluation, and promotion, may lead to the discovery of admissible evidence on Atlas's breach-of-contract, unfair-trade-practices, bad-faith, and punitive-damages claims.[3]

The Court concludes that Defendant's motions are frivolous and that its refusal to cooperate in discovery is unreasonably forestalling legitimate discovery and increasing costs in this case. The Court directs Atlas to submit the appropriate documentation regarding attorney fees it incurred in responding to Doc. 94 to Judge Puglisi so that Judge Puglisi may determine an appropriate attorney-fee award to Atlas at the same time that Judge Puglisi resolves Atlas's motion for sanctions filed on

---

[2] Defendant's argument that it should be granted a protective order regarding its staff attorneys because the staff attorneys themselves do not actually "make promises or representations regarding the high degree of skill they would utilize in handling the claims; or [] pay settlements, indemnity payments or expenses related to Atlas's workers' compensation claims," Doc 94 at 5 is also frivolous. Although someone else in Defendant's employ may actually authorize or write the check to pay the settlements or expenses that the staff attorneys recommend be paid after their investigation, no settlement or payment could be made without such an investigation and recommendation. And Atlas is entitled to determine, through deposing corporate representatives and/or the staff attorneys who handled its claims, how skilled and experienced the staff attorneys are and how they are compensated to support its claim that Defendant misrepresented its staff attorneys' skill and expertise.

[3] Defendant's contention that "the burden and expense of having a Liberty corporate representative deponent testify regarding whether Liberty staff attorneys have malpractice insurance, how much staff attorneys are compensated, the qualifications regarding staff attorney hiring and promotion standards far outweigh any likely benefit of such discovery to Atlas, where this testimony is not related to the sixteen claims files identified as allegedly mishandled by Atlas," Doc. 94 at 4, is frivolous not only because Defendant has not shown that it would suffer more than only a small burden and expense in having its corporate representative testify to matters in his/her possession that are easily reviewed, but also because the Court has already noted that Atlas's breach-of-contract claims are not limited to only the sixteen claims it has already identified as examples of alleged mishandling by Defendant's staff attorneys. *See* Doc. 87 at 5.

August 30, 2010 (Doc. 117).

**IT IS ORDERED** that Defendant's motion for clarification and motion for protective order [Doc. 94] are DENIED and that Atlas is entitled to recover its attorney fees for responding to the motions as set forth above.

_____
UNITED STATES DISTRICT JUDGE