IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ATLAS RESOURCES, INC., a
New Mexico Corporation,

    Plaintiff and Counterdefendant,

v.                                                      CIV 09-1113 WJ/KBM

LIBERTY MUTUAL INSURANCE CO.,
a Massachusetts Corporation; LIBERTY
MUTUAL FIRE INSURANCE COMPANY,
a Massachusetts Corporation.

    Defendants and Counterclaimants

## MEMORANDUM OPINION AND ORDER

On June 6, 2011, the Court held a telephonic conference (Doc. 219) concerning privileged documents inadvertently produced by Liberty Mutual Insurance Co. (Liberty) to Atlas Resources, Inc. (Atlas).  The documents were submitted to the Court for *in camera* review, and the Court issued a preliminary ruling in a letter to counsel on June 8, 2011.  In the letter the Court advised the parties they could submit briefs on the ruling by June 30, 2011.  Both Atlas and Liberty submitted briefs. *See* Doc. 222 and 223. Having given due consideration to the arguments raised in both briefs, the Court declines to change its rulings except as to Log No. 17 (which is duplicated at Log 48 and Log 66).  Atlas' submission of the deposition testimony of Jeffrey Tipton reveals that the e-mail in question is not covered by the attorney-client privilege.

In diversity cases, state law governs the availability of the attorney-client privilege. *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 699 (10th Cir. 1998); Fed.R.Evid. 501.  New Mexico's Rule of Evidence 501 states that "[a] client has

a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal advice. N.M.R.Evid. 501(B).

Not every disclosure from client to attorney is entitled to protection from discovery. The privilege "protects only those disclosures -- necessary to obtain informed legal advice -- which might not have been made absent the privilege. *Fisher v. United States*, 425 U.S. 391, 403 (1976). Communications from attorney to client fall under the privilege only to the extent that they reveal confidential information provided by the client." In re *Air Crash Disaster at Sioux City, Iowa on July 19, 1989*, 133 F.R.D. 515, 518 (N.D. Ill.). Legal advice or communications, standing alone, should not automatically receive protection. Instead, the party asserting the privilege must show that such advice relates to prior confidential client communications. *Anaya v. CBS Broadcasting, Inc.*, 251 F.R.D. 645, 650 (D.N.M. 2007); N.M.R.Evid. 501.

"An in-house counsel's communications regarding business matters, management decisions, and business advice, which neither solicit or predominantly deliver legal advice are not privileged." *Anaya*, 251 F.R.D. at 650 (citing 6 James Wm. Moore, *Moore's Federal Practice* § 26.49[4] at 26-182 (3d ed. 1997). "Including an attorney as a 'cc' addressee or on the distribution list of an interoffice e-mail communication sent to several people does not transform the e-mail into a privileged attorney-client communication." *Id*. (citing *In re Gabapentin Patent Litig.*, 214 F.R.D. 178, 186 (D.N.J. 2003).

The Court finds that the new information submitted by Atlas provides a better

context to assess the applicability of the privilege.  It is now apparent that the McMackin e-mail at issue falls into the category of business matters and is not protected from disclosure.  Tipton testified in his deposition that he was seeking business advice concerning Liberty's risk from a collateral trust versus a letter of credit from James McMackin, who was Liberty's credit manager at the time the e-mail was sent on May 14, 2009.  McMackin's responsive e-mail discusses financial matters and does not include information provided by the client to the attorney.  N.M.R.Evid. 501(B).  Accordingly, the Court finds that Log 17 shall be produced.

    Wherefore,

    IT IS FINALLY ORDERED that Liberty shall produce Log Numbers 10, 17 (duplicated at 48 and 66), 19-33, 57, and 67.  Log Numbers 16, 49, 55, 63 and 64 are protected from disclosure based upon the asserted privilege.

_____
Karen B. Molzen
United States Chief Magistrate Judge