## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ATLAS RESOURCES, INC., a New Mexico
corporation,

      Plaintiff,

      vs.                                       CV09-1113 WJ/KBM

LIBERTY MUTUAL INSURANCE CO., a
Massachusetts corporation, and LIBERTY
MUTUAL FIRE INSURANCE COMPANY, a
Massachusetts corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO AMEND COUNTERCLAIMS

THIS MATTER comes before the Court upon a Motion for Leave to File Amended Counterclaims, filed November 11, 2011 by Defendant Liberty Mutual Insurance Co. ("Liberty Mutual" or "Defendant") **(Doc. 271)**. Having considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken and will be granted.

Rule 15(a) gives a plaintiff the right to amend a complaint once, as of right, within 21 days of serving it or receiving a responsive pleading or motion to dismiss. Fed.R.Civ.P. 15(a); *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir.2010). The grant or denial of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendant seeks to amend its counterclaims in order to delete a cause of action (breach of covenant of good faith and fair dealing), and to modify counterclaims in order to seek an alternative or additional remedy of specific performance. Based on my review of the

proposed pleading, I agree with Defendant that the amendments do not add any new claims.  The deletion of a cause of action actually narrows the issues in this case, which, from the Court's viewpoint, is very appealing in that it maximizes efficiency in the litigation of the case.  The addition of specific performance as an alternative theory of recovery relates to an already existing claim based on facts already at issue.   The complaint filed by Plaintiff Atlas asserts claims relating to Liberty Mutual's requests for an increased letter of credit (in the form of collateral provided by Atlas).  Defendant's instant request to add another form of damages in the counterclaims, based on Atlas's failure to increase the letter of credit, virtually forms (in a theoretical sense) the opposite side of the same coin.   Plaintiff can hardly be said to suffer from surprise or prejudice by this addition.

Atlas claims that the granting of the motion will mean disclosure of new experts and additional discovery, but does not back up these contentions by any specific reasons why the proposed modifications would require such drastic measures.  Motions to amend are generally freely granted, although they will not be permitted where the proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the opposing part. *Castleglen, Inc., et al. v. R.T.C.*, 984 F.2d 1571 (10th Cir. 1993).  The proposed amendments do not appear to be futile.  Nor is the motion untimely within the context of this case: Plaintiff has been allowed to amend the complaint three times, the last time being under three months ago (and which was unopposed by Defendant).  Finally, Plaintiff has not sufficiently shown that it would be prejudiced by allowing the amendments.  Accordingly, Defendant's motion is GRANTED.  Defendant shall file the amended counterclaim within **fifteen (15) days** of the entry of this Order.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE