IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ATLAS RESOURCES, INC.,
a New Mexico Corporation,

    Plaintiff and Counter-defendant,

v.                                                         CIV 09-1113 WJ/KBM
LIBERTY MUTUAL INSURANCE CO.,
a Massachusetts Corporation; LIBERTY
MUTUAL FIRE INSURANCE COMPANY,
a Massachusetts Corporation,

    Defendants and Counter-claimants.

## ORDER DENYING PLAINTIFF RELIEF FROM
## SECOND AMENDED SCHEDULING ORDER

      THIS MATTER is before the Court on Plaintiff's Motion for Relief from Second Amended Scheduling Order *(Doc. 295)*. The Court has reviewed the motion, the briefs and exhibits submitted by the parties and the relevant authorities. The Court find Plaintiff's arguments to be unpersuasive.

      A proposed Second Amended Scheduling Order was negotiated by the parties, approved by the Court and entered on October 27, 2011. *See Docs. 259, 262 & 263*. The Order required that Plaintiff "supplement its June 2, 2011 expert report of Troy Kisiel in final form and in compliance with Rule 26 by 12/15/2011." *Doc. 263*. On February 2, 2012, more than a month after that deadline had passed, Plaintiff filed the instant motion requesting an additional sixty days in which to file its expert supplementation. As grounds, counsel for Atlas asserts that he underestimated the additional time it would take Mr. Kisiel "to complete the review of

approximately 20 identified files that its expert could not review due to time constraints, 15 of which were received by [him] for the first time on October 4 and October 5, 2011." *Doc. 298* at 1-2.  The Court notes that these twenty files were received by Plaintiff three weeks **before** the October 27, 2011 hearing at which **both** parties requested entry of the Second Amended Scheduling Order.  *See id.*  Indeed, Atlas' attorney concedes that he was aware in early January 2012, again **after** the stipulated deadline had passed, that Plaintiff's "expert had not reviewed all files necessary to complete his review."  *Id.* at 2. Yet the motion for relief was not filed until about a month later.

      Plaintiff argues that the review process took longer than anticipated "in large part due to the manner in which the files were produced and the timing of the various productions. . . .  Atlas did not expect or request that the payment information be scattered in several different locations, which caused the review to be greatly complicated."  *Id.* at 3.  Plaintiff acknowledges, however, that "[t]he files produced in October 2011, **as were all other files**, were disorganized and voluminous."  *Id.*  In other words, the additional 20 files were produced in October were of a size comparable to previous productions, and the allegedly disorganized method of production also came as no surprise.

      Even if there may have been good cause to underestimate the effort required to conduct the review, Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure requires not only "good cause" for granting an extension but a showing of "excusable neglect" for failure to request an extension from the Court before the deadline expired.  Plaintiff recites good faith negotiations in January to extend certain deadlines, but Atlas fails to demonstrate "excusable neglect" as to why it did not seek relief prior to the December 15, 2011 deadline.  It appears that Plaintiff chose to disregard the deadline to its detriment.  To allow supplementation at this late date would further

unjustifiably delay discovery, including expert depositions and possible settlement opportunities, to the detriment of Defendants.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Second Amended Scheduling Order *(Doc. 295)* is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE