IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ATLAS RESOURCES, INC., a New Mexico
Corporation,

      Plaintiff,

v.                                                        CIV 09-1113 WJ/KBM

LIBERTY MUTUAL INSURANCE CO., a
Massachusetts Corporation, and LIBERTY
MUTUAL FIRE INSURANCE COMPANY,
a Massachusetts Corporation,

      Defendants.

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS'
MOTION TO COMPEL RESPONSES TO SEVENTH REQUEST FOR PRODUCTION
(DOC. 340)**

      THIS MATTER comes before the Court on Defendants' Motion to Compel *(Doc. 340)*, filed July 31, 2012 and fully briefed September 4, 2012.  *See Docs. 340, 362, 370, 372.*  Having reviewed the parties' submissions and the relevant law, I find the Motion is well-taken and will therefore grant the motion.

**I.**       **Background**

      Plaintiff Atlas Resources, Inc. ("Atlas") contends that Defendants Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company (collectively, "Liberty Mutual") fell below the standard of care in administering Atlas' insurance coverage for worker's compensation claims.  *See generally Doc. 260.*  During the course of discovery, Defendants requested documents relating to Atlas' relationship with its subsequent insurer, Lumberman's.  *See Doc. 340-1* at 9-11.  Atlas objected to producing any documents in response to Liberty

Mutual's requests on the grounds, as follows:

> Atlas objects on the grounds the information requested is overly broad, unduly burdensome and not reasonably calculated to lead to the discover of admissible evidence. The information requested has nothing to do with the issues at issue in this litigation. The request seeks information that may be protected by the work-product privilege and the attorney-client privilege and Atlas reserves its objections on that basis.

*Doc. 340-2* at 3. Liberty Mutual argues that Atlas should be compelled to provide the requested information.

## II.     Analysis

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Despite the reference to potentially privileged information in its objections, Atlas does not contend that the requests at issue seek privileged information. *See generally Doc. 362.* Rather, Atlas points out that Liberty Mutual is not a party to the insurance arrangements between Atlas and its subsequent insurer and argues that there are "drastic" difference between the two insurance arrangements at issue. *See id.* at 3. Atlas further contends that even if Liberty Mutual and Lumberman's offered similar insurance arrangements, such would not be sufficient evidence to establish industry standards. *See id.* Beyond these arguments, Atlas claims that the introduction of the Lumberman's information would be confusing for the jury and overly burdensome for Atlas to produce. *See id.* at 3-4.

Atlas may or may not be correct that the Lumberman's information could be found inadmissible at trial. But this is not the inquiry before me. Atlas has not provided any argument or information from which I might find that the requested documents and information should not

be provided.  There are no privileges asserted, no trade secrets at issue, no arguments that go toward the discoverability–as opposed to the weight or admissibility–of the Lumberman's documents.

Wherefore,

**IT IS ORDERED** that Defendants' Motion to Compel Plaintiff's Responses to Defendants' Seventh Request for Production *(Doc. 340)* is granted.  Plaintiff Atlas Resources, Inc. shall respond fully and without objection to Defendants' Request for Production Nos. 140-150 and 165-178.  Given that discovery has concluded, Plaintiff is ordered to produce the requested documents no later than December 1, 2012.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE