IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ATLAS RESOURCES, INC., a New Mexico
Corporation,

      Plaintiff,

     v.                                                         CIV 09-1113 WJ/KBM

LIBERTY MUTUAL INSURANCE CO., a
Massachusetts Corporation, and LIBERTY
MUTUAL FIRE INSURANCE COMPANY,
a Massachusetts Corporation,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**REGARDING BREACH OF CONTRACT COUNTERCLAIM**

THIS MATTER comes before the court upon Defendants' Motion for Summary Judgment Regarding Breach of Contract Counterclaim, filed August 10, 2012 (**Doc. 357**). Defendants' motion is DENIED AS MOOT based on the Court's previous rulings in this case.

BACKGROUND

This lawsuit is essentially a business dispute between Atlas and Liberty. It was initially filed in state court on November 9, 2009 and, based on diversity jurisdiction, removed to federal court on November 23, 2009. The long and contentious procedural history of this case has spawned numerous Court opinions and rulings. The issues in this case are very familiar to both the Court and the parties, and there is no reason to reiterate them all here.

For purposes of the Court's ruling on this motion, it is enough to state that Atlas is an employee leasing company, and that Atlas contracted with Liberty Mutual Insurance Company

(collectively "Defendant" or "Liberty") whereby Liberty provided workers' compensation insurance and claims administration services to Atlas.  Plaintiff filed this lawsuit after Liberty drew down on a Letter of Credit ("LOC") which, together with an Agreement for Guarantee of Financial Obligations, secured the agreement between the parties regarding the insurance plan and the associated premiums.  Liberty claims it was entitled to draw down on the LOC after Atlas failed to pay a scheduled increase in the collateral amount on November 4, 2009.  Atlas contends that it was not obligated to pay the scheduled LOC increase until the final collateral amount had been finalized, and further, that Liberty purposely delayed negotiations until the full balance of the LOC was due so that it could draw down on the $6 million LOC.

The Amended Complaint (Doc. 38) alleges state law claims against Liberty including negligent misrepresentation, unfair trade practices, unjust enrichment and equitable estoppel. Liberty asserts its own counterclaims of breach of contract and monies owed and malicious abuse of process.  Doc. 291.  Liberty also asserts equitable affirmative defenses against Plaintiff's claims.  Doc. 121.  In the instant motion, Liberty seeks summary judgment on its breach of contract counterclaim.

This case was filed in state court and removed to federal court in November 2009.  For more than three years, the parties have been locked in discovery disputes—mainly due to the unwillingness of Liberty and its counsel to part with discovery material.  Finally, after several rounds of motions for sanctions filed by Plaintiffs, the Court entered various sanctions against Defendant, including striking Defendants' non-equitable counterclaims, but leaving its defenses intact.  *See* Doc. 398 at 29-30.

In this motion, Defendant seeks summary judgment on its breach of contract counterclaim, which is a non-equitable counterclaim.  The Court's previous ruling, which

sanctioned Defendant by striking non-equitable counterclaims, precludes Defendant from pursuing this claim.   Therefore, Defendants' motion for summary judgment on the breach of contract counterclaim is hereby DENIED AS MOOT.

    **SO ORDERED**.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE